ABSALOM PARKER, plaintiff in error, *vs.* OBEDIAH GREEN *et al.*, defendants in error.

This being a judgment refusing to grant an injunction on a bill, answer and affidavits, we are not satisfied that there was any abuse of the discretion of the Court, and, there being no error of law, the judgment is affirmed.

Injunction. Before Judge CLARK. Sumter Superior Court. April Term, 1873.

Absalom Parker filed his bill against Obediah Green, his wife, Mary Green, and his son, Robert Green, making substantially the following case:

In the year 1872, complainant purchased from one Henry J. Taylor, at and for the sum of $400 00, lot of land two hundred and twenty, in the twenty-eighth district of Sumter county. Prior to the aforesaid purchase, said Taylor was in the exclusive and peaceable possession of said lot, and on the 26th of December, 1872, turned over to complainant said possession. Taylor, before said sale, and complainant since,

Parker *vs.* Green *et al.*

claimed said lot as their own, and exercised acts of ownership over the same. The land is valuable for the timber as well as for cultivation. There were seven or eight acres of open land, a house, erected by Taylor and his hands, and a well, on said property. Taylor made to complainant a deed to said lot and turned over to him the muniments of title to the same, consisting of a plat and grant from the State of Georgia to Jeremiah Robinson, dated January, 1829, deed from said Robinson to John C. Pipkins, dated September 1st, 1839, and deed from said Pipkins to Henry J. Taylor, dated December 9th, 1872. The deed from Taylor to complainant was dated December 18th, 1872. After complainant took possession of said property, he removed the house thereon to another part of the lot, to suit his own convenience. On January 16th, 1873, the defendants entered upon said property and filled up the well, of the value of $30 00, and tore down said house, of the value of $30 00. They threaten to do other acts of violence to said property, and again to destroy said house should the complainant replace it on said lot. The defendants have no title or *bona fide* claims to said land. They are insolvent and unable to respond in damages for the aforesaid illegal acts, or for any that they may hereafter commit. Complainant waives discovery. Prays that the writ of injunction may issue enjoining the defendants from committing any acts of trespass upon said lot, and from taking or holding possession of the same, and from interfering with the use, occupation and enjoyment of said property by complainant. Also, that the writ of subpœna may issue.

The defendants, by their answer, denied all the material allegations of the bill as to the title and possession of complainant. They attacked complainant's title as fraudulent and forged, but admitted doing the acts charged in said bill as trespasses.

Voluminous affidavits were submitted in support of the bill and answer respectively. They were in every respect conflicting, except as to the acts of the trespass alleged to have

been committed by the defendants. The Chancellor refused the injunction, and the complainants excepted.

HAWKINS & HAWKINS; A. R. BROWN, for plaintiff in error.

PHIL. COOK; J. A. ANSLEY, for defendants.

McCAY, Judge.

We do not feel authorized to interfere with the judgment refusing an injunction in this case, as we understand the record. There is no house on the land. The cleared land is but fifteen acres, and that is, and has been, in fact, in possession of the defendant. The Judge has no power to turn him out, the *mesne* profits is a small matter, and clearing more land will be an advantage to the place. We think the plaintiff can wait for a final judgment at law without any serious danger. At any rate, as this is the judgment of Judge Clark, we cannot say he has abused the discretion the law gives him, when called upon to exercise his prerogative in issuing so severe a writ as an injunction.

Judgment affirmed.